(C.D. 3030)

INTER MARITIME FWDG. CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 12, 1967)

*Allerton deC. Tompkins* for the plaintiff.
*Carl Eardley,* Acting Assistant Attorney General (*S. William Barr* and *Alfred A. Taylor, Jr.,* trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The protest involved herein is directed against the classification of one piece of equipment described on the invoice as "KOLBUS Bookbinders Rotary Board Cutter" which was imported with

a 220/440 volt, 60 cycle motor. The collector of customs classified the merchandise under the provisions of paragraph 353, Tariff Act of 1930, as modified by T.D. 55615 and T.D. 55649, which provide as follows:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, all the foregoing and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

      *       *       *       *       *       *       *

    Other (* * *) _____ 12½% ad val.

Plaintiff herein contends the imported article is a machine which does not have as an essential feature an electrical element or device and is, accordingly, properly subject to classification under the provisions of paragraph 372 of said act, as modified, *supra*, which provide as follows:

Paragraph 372, Tariff Act of 1930, as modified by T.D. 55615 and T.D. 55649:

Machines, finished or unfinished, not specially provided for:

      *       *       *       *       *       *       *

    Other (* * *) _____ 10½% ad val.

It is further claimed that the electric motor is properly subject to classification under the *eo nomine* provision for electric motors as contained in paragraph 353, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which provides as follows:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

      *       *       *       *       *       *       *

    Motors:
        Of more than $\frac{1}{10}$ horsepower but less than 200 horsepower _____ 10½% ad val.

The record herein consists of official papers which were received in evidence without being marked and the testimony of the president of the actual importer and a machinist who was identified by the first witness as his foreman. In addition thereto, counsel for the re-

spective parties stipulated to the effect that the imported merchandise utilizes energy or force, mechanically increases the intensity of an applied force or changes its direction and changes one form of motion or energy into another form.

It appears from the record as made herein that the imported rotary cutter was imported with a 2 horsepower electric motor and that said merchandise does not contain any other electrical feature. the imported article. With this accomplished, the existing belt from which could use gas, steam, or electricity. To operate the imported merchandise in this manner, the guard rail covering the drive belt would have to be removed by loosening the screws attaching it to the imported article. With this accomplished, the existing belt from the motor to the rotary cutter would be replaced with a new belt which would run the rotary cutter from the countershafting. The electric motor could be taken off by the removal of four bolts. All of these changes could be accomplished in approximately 25 minutes and would require an expenditure for a new belt. This is based upon the presumption that a countershaft was in the plant. The countershaft could be used to run a number of machines throughout the plant. There would be no substantial modificataion to the machine, and it would operate efficiently in such a manner.

Based upon this record, it becomes apparent that the importation involved herein consists of a machine with an electric motor attached by four bolts and which transmits its power by means of a V-belt and pulley. Following the principles enunciated in *United States* v. *Dryden Rubber Co.*, 22 CCPA 51, T.D. 47050, and *United States* v. *Baker Perkins, Inc., R. F. Downing Co., Inc.*, 46 CCPA 128, C.A.D. 714, we find the imported machine not to have as an essential feature an electrical element or device within the purview of paragraph 353 of said act, as modified, *supra*, as classified by the collector of customs.

A review of the record indicates that there is no evidence as to whether the involved motor is a general purpose motor. In a number of cases involving similar situations, such proof has been a prerequisite to a finding that said motors are separately dutiable under the *eo nomine* provision for motors contained in said paragraph 353, as modified, *supra. Arnhold Ceramics, Inc.* v. *United States*, 56 Cust. Ct. 416, C.D. 2668. Such evidence is essential notwithstanding the proof of nonessentiality necessary to remove an article from paragraph 353, as modified, *supra*, since, if the imported merchandise is not a general purpose motor but is specifically designed for use with the imported machine, then it is, in fact, part of such machine and, therefore, dutiable as an entirety. *Gallagher & Ascher Co.* v. *United States*, 52 CCPA 11, C.A.D. 849.

In the absence of such proof as to whether the motor is a general purpose motor or one specially designed for use with the involved machine, the court is not in a position to hold the motor separately dutiable under the *eo nomine* provision for motors contained in paragraph 353, *supra*, or as parts of machines under paragraph 372, *supra*.

Accordingly, we have no alternative but to overrule the protest without affirming the classification of the collector.

Judgment will be entered accordingly.